IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BRANDON THOMAS, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 1:24-CV-485-RAH-KFP |
| HOUSTON COUNTY JAIL, | ) |
| Defendant. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Proceeding pro se, Plaintiff filed this 42 U.S.C. § 1983 action on August 7, 2024. On August 14, 2024, the Court entered an Order directing Plaintiff to pay—by August 28, 2024—the required fees or to file an application for leave to proceed in forma pauperis with the required documentation from his prison account and specifically warning Plaintiff that a failure to comply would result in recommendation of dismissal. Doc. 3. To date, Plaintiff has failed to comply with the August 14, 2024, Order.

Because of Plaintiff's failure to comply with the Court's Order, the undersigned concludes this case should be dismissed without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (stating that dismissal for failure to obey a court order is generally not an abuse of discretion where litigant has been forewarned). The authority to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v.*

*Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo,* 864 F.2d at 102.

Accordingly, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice.

Further, it is ORDERED that by **September 27, 2024**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. The Court will not consider frivolous, conclusive or general objections. The Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH CIR. R. 3–1.

DONE this 13th day of September, 2024.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE